IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| (1) MARY HELEN CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| (1) AFFINION BENEFITS GROUP, | § | (*Removed from 111th District Court,* |
| (2) TRANSAMERICA PREMIER | § | *Webb County, State of Texas,* |
| LIFE INSURANCE COMPANY, | § | *Cause No. 2017CVH001362D2)* |
| (3) MONUMENTAL LIFE | § | |
| INSURANCE COMPANY, and | § | |
| (4) HARTFORD LIFE AND | § | |
| ACCIDENT INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Hartford Life and Accident Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the 111th District Court, Webb County, State of Texas, to the United States District Court for the Southern District of Texas, Laredo Division. The grounds for removal are as follows:

1. Plaintiff commenced this action entitled *Mary Helen Cantu v. Affinion Benefits Group, Transamerica Premier Life Insurance Co., Monumental Life Insurance Co., and Hartford Life & Accident Insurance Co.*, Cause No. 2017CVH001362D2 (the "Action"), by filing Plaintiff's Original Petition and Request for Disclosure with the District Court of the 111th Judicial District, Webb County, State of Texas (the "Petition"), on July 11, 2017. *See* **Ex. 1**, Pet.

2. The Petition purports to state claims against Affinion Benefits Group, LLC ("Affinion"), Transamerica Premier Life Insurance Co. ("Transamerica"), Monumental Life Insurance Co. ("Monumental"), and Hartford for (i) breach of contract, (ii) violations of the

19825043_2

Texas Deceptive Trade Practices Act (the "DTPA"), (iii) violations of the Texas Insurance Code, and (iv) breach of the duty of good faith and fair dealing. *See id.*

3. Pursuant to Local Civil Rule 81, the Petition in the Action is attached as **Exhibit 1**. The Verification of Service as to Hartford is attached as **Exhibit 2**. The Return of Service as to Transamerica is attached as **Exhibit 3**. The Return of Service as to Monumental is attached as **Exhibit 4**. The Original Answer filed by Affinion, Transamerica, and Monumental is attached as **Exhibit 5**. A copy of the Docket Sheet, Cause No. 2017CVH001362D2, District Court of the 111th Judicial District, Webb County, State of Texas, is attached as **Exhibit 6**.[1] Hartford is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-5. Moreover, there are no motions pending before the state court in this matter, nor are any hearings currently set other than a calendar call currently set for October 12, 2017, which will be mooted by the filing of this Notice of Removal.

4. Further pursuant to Local Civil Rule 81, an Index of Matters being Filed is attached as **Exhibit 7**. A List of Counsel of Record is attached as **Exhibit 8**.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Hartford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I. Hartford has satisfied the procedural requirements for removal.**

6. Plaintiff served the Petition on Hartford on August 8, 2017. *See* **Ex. 2**, Verification of Service. Pursuant to the Rule 11 Agreement entered into by Hartford and by

---

[1] Hartford has not received a copy of the Return of Service for Affinion, but has requested a copy from the 111th District Court, Webb County, and will supplement this filing with a copy of the Return of Service for Affinion if the Court so desires.

Plaintiff, Hartford's Answer to the Petition is not due until September 13, 2017. *See* **Ex. 9**, Letter from Christine O. Zdojeski to Donato D. Ramos (Aug. 10, 2017) (cross-signed).

7. Because this Notice of Removal is being filed within thirty days of service of the Petition on Hartford, it is timely under 28 U.S.C. § 1446(b)(2)(B).

8. Under 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Texas, Laredo Division, is the appropriate court for filing this Notice of Removal from a court in Webb County, State of Texas, where the Action is pending. *See* 28 U.S.C. § 124(b)(3).

9. Moreover, and to the extent required by law at all, all Defendants consent to the removal of this Action to the U.S. District Court for the Southern District of Texas, Laredo Division. *See* **Ex. 10**, Bernhardt Decl. ¶ 2; 28 U.S.C. § 1446(b)(2)(A).

10. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

11. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

12. When a plaintiff's pleading does not make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250,

3

1253 (5th Cir. 1998). "Where the amount in controversy is not facially apparent, the Court will use summary judgment-type evidence to ascertain the amount in controversy by a preponderance of the evidence." *Martinez v. State Farm Lloyds*, No. 7:16-CV-183, 2016 WL 8738406, at *2 (S.D. Tex. June 28, 2016) (footnote, quotation marks, and citation omitted). "The defendant may meet the preponderance burden either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* (footnote, quotation marks, and citation omitted).[2]

13. Here, Plaintiff alleges that she "was a beneficiary of a policy of insurance issued by The Hartford Life and Accident Insurance Company" and that she "timely filed claims with Defendants and sought to recover under the provisions of the Policies . . . [issued by] Affinion Group, Transamerica Premier Life Insurance Company, Monumental Life Insurance Company, and The Hartford Life and Accident Insurance Company." **Ex. 1**, Pet. ¶ 10. Plaintiff further alleges that Defendants "refus[ed] to pay the full and proper amount of Plaintiff's [insurance] claim," which allegedly was "a breach of [Defendants'] contractual duties to adequately compensate Plaintiff under the terms of the Policies. *Id.* ¶ 12.

14. That is, Plaintiff alleges that Hartford, Transamerica, Monumental, Affinion, or a combination thereof owed her the full amount of insurance benefits payable under the Certificate of Insurance held by her husband and did not make such a payment to her. *See id.* ¶¶ 10-18.

---

[2] This evidentiary requirement, at least to the extent evidence is required with the Notice of Removal, appears no longer proper in light of *Dart Cherokee Basin Operating Co., LLC v. Owens*, which held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." 135 S. Ct. 547, 554 (2014). *Dart Cherokee*'s holding has been extended beyond the class-action context. *See, e.g.*, *Evans v. Wells Fargo Bank, N.A.*, No. 15-2725-STA-cgc, 2016 WL 1248972, at *3 (W.D. Tenn. Mar. 29, 2016). However, a sufficient evidentiary submission is included with this Notice of Removal out of an abundance of caution.

15. Plaintiff's husband was the "Insured Person" on a Certificate of Insurance with potential benefits at the date of his death of $337,000 or $168,500, depending on whether Mr. Cantu's "amount of Principal Sum w[as] reduce[d] by 50%." **Ex. 11**, Certificate of Insurance (Specimen Copy).[3] Plaintiff claims in her Petition to be due the entire amount of benefits payable pursuant to the Certificate of Insurance. *See id.* ¶¶ 10-18. Regardless of whether the amount of benefits contested is $168,500.00 or $337,000.00, the requisite amount in controversy is met.

16. Moreover, Plaintiff claims entitlement to exemplary damages from Defendants. *See id.* ¶¶ 35-36.

> Pursuant to the Texas Civil Practice and Remedies Code: Exemplary damages means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages are neither economic nor noneconomic damages. Exemplary damages includes punitive damages. Pursuant to § 41.008(b) of the Texas Civil Practice and Remedies Code, Plaintiff's exemplary damages claim could result in an award of at least $200,000. Furthermore, the Fifth Circuit has held that punitive damages are to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law.

*Salina v. Martin*, No. 1:17-cv-103, 2017 WL 3704834, at *2 (S.D. Tex. Aug. 7, 2017) (quotation marks and citations omitted). Here, Hartford is entitled to include the possible amount of punitive or exemplary damages claimed by Plaintiff in calculating the amount in controversy (though Hartford denies that any such damages would be proper based on the evidence). *See id.*

17. Finally, Plaintiff claims violations of the Texas Insurance Code which, if proven (which Hartford denies will occur based on the evidence), could result in treble damages,

---

[3] Basic (Non-Contributory) Principal Sum Amount of $1,000.00, plus Voluntary (Contributory) Principal Sum Amount of $300,000.00, plus Anti-Inflation Benefit of $30,000.00, plus education benefits of $6,000, for a total of $337,000.00. *See* **Ex. 11**, Certificate of Insurance (Specimen Copy). If the "amount of Principal Sum w[as] reduce[d] by 50%" due to age, the Basic (Non-Contributory) Principal Sum Amount and the Voluntary (Contributory) Principal Sum Amount both reduced by 50%, with all benefits calculated based on those amounts reducing by 50% in turn. *See id.*

attorneys' fees, and additional penalty amounts. *See* **Ex. 1**, Pet. ¶ 36 (alleging that "Defendants actions entitle Plaintiff to statutory damages, treble damages, mental anguish, exemplary damages, and interest of 18% per annum for [their] lack of prompt payment of this claim"). "All of these amounts are considered in assessing the amount in controversy." *Salinas v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:15-CV-434, 2016 WL 8650475, at *2 (S.D. Tex. Sept. 28, 2016).

18. Taking this evidence of the amount in controversy and Plaintiff's allegations—individually, but certainly together—the amount in controversy required for diversity jurisdiction is clearly met in this Action. *See* 28 U.S.C. § 1332(a).

**B. Complete diversity of citizenship exists between Plaintiff and Defendants.**

19. Plaintiff is a citizen of Webb County, Texas. *Cf.* **Ex. 1**, Pet. ¶ 2. For purposes of determining diversity jurisdiction, Plaintiff is therefore a citizen of Texas.

20. Hartford is a corporation incorporated pursuant to the laws of the State of Connecticut with its principal place of business in Connecticut. *See* **Ex. 12**, Dishman Decl. ¶ 2. For purposes of determining diversity jurisdiction, Hartford is therefore a citizen of Connecticut. *See* 28 U.S.C. § 1332(c)(1).

21. Monumental and Transamerica are the same corporation. *See* **Ex. 10**, Bernhardt Decl. ¶ 3. In November 2014, Monumental changed its name to Transamerica. *See id.* Transamerica is a corporation incorporated pursuant to the laws of the State of Iowa with its principal place of business in Iowa. *See id.* For purposes of determining diversity jurisdiction, Transamerica and Monumental are therefore citizens of Iowa. *See* 28 U.S.C. § 1332(c)(1).

22. Affinion is a limited liability company that is a wholly-owned subsidiary of Affinion Group, LLC. *See* Affinion Group, Inc. Form 8-K (May 12, 2017).[4] Affinion Group, LLC is a limited liability company that is a wholly-owned subsidiary of Affinion Group Holdings, Inc. *See id.* Affinion Group Holdings, Inc. is a corporation incorporated pursuant to the laws of the State of Delaware with its principal place of business in Connecticut. *See id.* For purposes of determining diversity jurisdiction, Affinion is therefore a citizen of Delaware and Connecticut. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (indicating that a limited liability company's "citizenship is determined by the citizenship of all of its members" and "a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business" (citing 28 U.S.C. § 1332(c)(1))).

23. Therefore, complete diversity exists between (i) Plaintiff, a citizen of Texas, and (ii) Defendants, citizens of Connecticut, Delaware, and Iowa.

24. Hartford reserves the right to amend or supplement this Notice of Removal.

25. Hartford reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to file its Answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 81(c)(2).

26. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

---

[4] *Available at* http://otp.investis.com/clients/us/affinion1/SEC/sec-show.aspx?Type=html&FilingId=12062086&CIK=0001361394&Index=10000.

Respectfully submitted,

*s/ Jodi W. Dishman*
Jodi W. Dishman, Attorney-in-Charge
U.S.D.C. for S.D. Tex. Bar No. 3096765
Texas State Bar No. 24062700

MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
E-mail:       jodi.dishman@mcafeetaft.com

***Counsel for Defendant***
***Hartford Life and Accident Insurance Co.***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of September, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Donato D. Ramos
Daniel L. Walter
*Counsel for Plaintiff Mary Helen Cantu*

Jason R. Bernhardt
Joshua H. Bauer
*Counsel for Defendants Affinion Benefits Group,*
*Transamerica Premier Life Insurance Co., and*
*Monumental Life Insurance Co.*

  Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 7th day of September, 2017, to:

Donato D. Ramos
Daniel L. Walter
LAW OFFICE OF DONATO D. RAMOS, PLLC
6721 McPherson Rd., Suite 350
Laredo, TX 78041
*Counsel for Plaintiff Mary Helen Cantu*

Jason R. Bernhardt
Joshua H. Bauer
WINSTEAD PC
JP Morgan Chase Tower Suite 1100
Houston TX 77002
*Counsel for Defendants Affinion Benefits Group,*
*Transamerica Premier Life Insurance Co., and*
*Monumental Life Insurance Co.*

                */s/ Jodi W. Dishman*
                Jodi W. Dishman