Filed
7/11/2017 7:03 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVH001362D2

CAUSE NO. _____

| | | |
|---|---|---|
| MARY HELEN CANTU | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| AFFINION BENEFITS GROUP, | § | LAW DEPARTMEN |
| TRANSAMERICA PREMIER LIFE | § | |
| INSURANCE COMPANY, | § | AUG 0 8 2017 |
| MONUMENTAL LIFE INSURANCE | § | |
| COMPANY, AND THE HARTFORD | § | LITIGATION UNIT |
| LIFE AND ACCIDENT INSURANCE | § | |
| COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGNAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARY HELEN CANTU** ("Plaintiff") and files this Original Petition and Request for Disclosure complaining of Affinion Benefit Group, Transamerica Premier Life Insurance Company, Monumental Life Insurance Company and the Hartford Life and Accident Insurance Company (hereinafter jointly referred to as "Defendants") and for causes of action against Defendants, to-wit:

### I.
### DISCOVERY CONTROL PLAN

1.      Discovery is being conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.      Plaintiff is a resident of Webb County, Texas.

3.      Defendant, Affinion Benefit Group is in the business of selling insurance in the State of Texas and may be served with process by serving its registered agent Corporation Service



Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701, during regular business hours.

4.      Defendant, Transamerica Premier Life Insurance Company is in the business of selling insurance in the State of Texas and may be served with process by leaving a copy of the process at its home office or principal business office located at 4333 Edgewood Rd NE, Cedar Rapids, IA 52499, during regular business hours.

5.      Defendant, Monumental Life Insurance Company is in the business of selling insurance in the State of Texas and may be served with process by leaving a copy of the process at its home office or principal business office located at 4333 Edgewood Rd. NE, Cedar Rapids, IA 52499, during regular business hours.

6.      Defendant, Hartford Life and Accident Insurance Company is in the business of selling insurance in the State of Texas and may be served with process by leaving a copy of the process at its home office or principal business office located at 690 Asylum Avenue, Hartford, CT 06155 during regular business hours.

## III.
### VENUE

7.      Venue is proper in Webb County, Texas, in that the cause of action accrued in Webb County, Texas. Venue is also proper in Webb County pursuant to Texas Civil Practice & Remedies Code §§ 15.032 and 15.035.

## IV.
### JURISDICTION

8.      This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court, and there is no complete diversity of citizenship among the parties in this matter.

9.     The Court has jurisdiction over Defendants because Defendants are licensed to do business in the State of Texas and this action arises out of Defendants' business activities in the state.

**V.**

**FACTUAL BACKGROUND**

10.     Plaintiff had a policy of insurance issued and/or was a beneficiary of a policy of insurance issued by Affinion Group and Transamerica Premier Life Insurance Company under customer id number 188342032. Plaintiff also had a policy of insurance issued and/or was a beneficiary of a policy of insurance issued by Monumental Life Insurance Company under policy number MZ0932691H0001F (Coverage ID 740534310). Plaintiff also had a policy issued and/or was a beneficiary of a policy of insurance issued by The Hartford Life and Accident Insurance Company under policy number ADD 10900. The policies with Affinion Group, Transamerica Premier Life Insurance Company, Monumental Life Insurance Company and The Hartford Life and Accident Insurance Company are hereinafter referred to as "Policies." All Policies covered the accidental death of Plaintiff's spouse, Fernando Cantu. Plaintiff and/or the insured dutifully paid all insurance premiums for the Policies. Plaintiff's spouse, Fernando Cantu, suffered from an accidental fall in Laredo, Webb County, Texas, which resulted in the death of Fernando Cantu. Plaintiff timely filed claims with Defendants and sought to recover under the provisions of the Policies.

11.     The claim submitted by Plaintiff was acknowledged by Defendant, The Hartford Life and Accident Insurance Company and assigned Claim number 5023203. Plaintiff requested the distribution of the funds under the Policies as result of the accidental death of Plaintiff's spouse, Fernando Cantu. However, Defendants failed to fully investigate the claim, have unreasonably delayed payment, and/or failed to pay the claim in accordance with the Policies.

12.     Defendants' refusal to pay the full and proper amount of Plaintiff's claim is a breach of their contractual duties to adequately compensate Plaintiff under the terms of the Policies.  Defendants have refused to pay the proceeds of the Policies to Plaintiff, despite due and timely demand being made for the proceeds to be paid in an amount under the terms of the Policies.

13.     Defendants misrepresentations and unreasonable delay constitute a breach of statutory obligations under Chapter 541 and 542 of the Texas Insurance Code and thus constitutes a breach of the insurance contract between Plaintiff and Defendants.

14.     Defendants failed to attempt to settle Plaintiff's claim in a fair manner even though Defendants are aware of their liability to Plaintiff under the Policies. Specifically, Defendants have failed to – in an honest and fair manner – balance their own interest in maximizing gains and limiting scopes of coverage with the interests of Plaintiff by failing to properly investigate the claim and misrepresenting the scope of the coverage.

15.     Defendants wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm who are representing her with respect to these causes of action.

## VI.
### CONDITIONS PRECEDENT

16.     All conditions precedent to recovery have been performed or have occurred.  All requisite notice under the above cause of action are hereby given by the filing of this lawsuit due to the time constraints.

## VII.
### RESPONDEAT SUPERIOR

17.     At all times relevant hereto, all of Defendants' employees, supervisors, managers, claim handlers, estimators, and adjusters, including but not limited to any companies acting as agents of Defendants, were acting as agents of Defendants with actual or apparent authority and within the course and scope of their agency relationship.

## VIII.
### CAUSE OF ACTION – BREACH OF CONTRACT

18.     At the time of the loss, Plaintiff had in place Policies of insurance issued by Defendants. The premiums were current. All conditions precedent to recovery were made. Defendants wrongfully failed to comply with the terms of the Contracts. Defendants, are, therefore, in breach of the contract of insurance at issue in this lawsuit.  Defendants conduct constitutes a breach of contract resulting in damages to Plaintiff.

## IX.
### CAUSE OF ACTION - DTPA

19.     Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4). Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") (TEX. BUS. & COM. CODE § 17.44 et seq.), because they engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to her detriment. Among other things, Defendants engaged in unlawful conduct under Section 17.46(b).

20.     The acts and omissions of Defendants also constitute violations of the DTPA, including but not limited to, the following:

        a.     Committing false, misleading, or deceptive acts or practices as defined by
               § 17.46(b);
        b.     Breach of warranty;
        c.     Unconscionable action or course of action; and

     d.     Use or employment of an act or practice in violation of the Texas Insurance Code Section 541.151 et seq. as described herein.

21.     Defendants acts and omissions were a producing cause of Plaintiff's damages.

22.     Defendants conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendants had actual awareness of the falsity, deception, or unfairness of their acts and practices giving rise to Plaintiff's claims. Plaintiff detrimentally relied on the falsity or deception and in detrimental ignorance of the unfairness.

## X.
### CAUSE OF ACTION – TEXAS INSURANCE CODE § 541 ET SEQ.

23.     Defendants violated the Texas Insurance Code § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, Defendants acts and omissions violated the following:

     a.     § 541.051(1);
     b.     § 541.051(4);
     c.     § 541.060 - engaging in unfair settlement practices by:

          i.     misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue(§ 541.060(1));
          ii.     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which Defendants liability has become reasonably clear(§ 541.060(2));
          iii.     failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(3));
          iv.     failing within a reasonable time to affirm or deny coverage of a claim to a policyholder(§ 541.060(4));
          v.     refusing to pay a claim without conducting a reasonable investigation with respect to the claim(§ 541.060(7)).

     d.     § 541.061 - misrepresenting Plaintiffs insurance policy by:

          i.     making an untrue statement of material fact(§ 541.060(1));
          ii.     failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made(§ 541.060(2));

> iii.   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material facts (§ 541.060(3)).

Section 17.46(b) of the DTPA, incorporated by Texas Insurance Code §541.151.

24.   Defendants conduct was committed knowingly because Defendants had actual awareness of the falsity, deception or unfairness of their acts and practices made the basis for Plaintiff's claim for damages under the Texas Insurance Code.

25.   Plaintiff hereby gives Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE.

26.   Defendants conduct was a producing cause of Plaintiff's injuries.

## XI.
### CAUSE OF ACTION – TEXAS INSURANCE CODE § 542 ET SEQ.

27.   Defendants violated Chapter 542 of the Texas Insurance Code because they failed to do the following within the statutorily mandated time of receiving all necessary information:

> (1)   Failing to acknowledge the Plaintiffs claim on time;
> (2)   Failing to commence an investigation of Plaintiffs claim;
> (3)   Failing to request all information reasonably necessary to investigate Plaintiffs claim with the statutorily mandated deadlines;
> (4)   Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs claim;
> (5)   Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;
> (6)   Failing to pay Plaintiff's claim without delay; and
> (7)   Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

28.   Such failures constitute violations of the Texas Insurance Code Sections 542.055, 542.056, 542.057, and 542.058. As a result of the forgoing violations, Plaintiff requests damages under Texas Insurance Code Section 542.060.

## XII.
### CAUSE OF ACTION – GOOD FAITH & FAIR DEALING

29.     Defendants owed Plaintiff a duty of good faith and fair dealing. Defendants breached this duty by the way they chose to handle Plaintiff's claim because they should have properly investigated the claim and not misrepresented the covered losses incurred by Plaintiff. Plaintiff suffered damages and hardship because of Defendants failure to deal fairly and in good faith with Plaintiff when reviewing, assessing, adjusting, and otherwise handling Plaintiff's claim for policy benefits.

30.     Defendants breach of their duty was a proximate cause of Plaintiff's damages.

## XIII.
### AMBIGUITY

31.     The Policies in place at the time of the loss contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

## XIV.
### WAIVER AND ESTOPPEL

32.     Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XV.
### DAMAGES

33.     As a direct result of Defendants conduct, Plaintiff has suffered economic and actual damages, all of which she is entitled to recover. Plaintiff is entitled to recover mental anguish damages because Defendants acted in bad faith and Defendants knowing conduct was the producing cause of Plaintiff's mental anguish.

34.    Pursuant to the DTPA and Texas Insurance Code , Plaintiff is entitled to recover treble damages because Defendants conduct was committed knowingly.

35.    Plaintiff is entitled to exemplary damages as a result of Defendants breach of duties owed as described above. When viewed objectively from the standpoint of Defendants at the time of the occurrence in question, Defendants conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

36.    Defendants actions entitle Plaintiff to statutory damages, treble damages, mental anguish, exemplary damages, and interest of 18% per annum for its lack of prompt payment of this claim.

## XVI.
### ATTORNEY'S FEES

37.    As a result of Defendants conduct, Plaintiff has been forced to retain attorneys to seek justice in this Court. Accordingly, Plaintiff is entitled to recover her reasonable and necessary attorney's fees incurred in this action pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, DTPA § 17.50(d), and Texas Insurance Code Chapters 541 and 542.

## XVIII.
### REQUESTS FOR DISCLOSURE

38.    Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XIX.
### JURY DEMAND

39.    Plaintiff herein demands trial by jury and tenders the appropriate fee.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that judgment be rendered against Defendants for Plaintiffs economic damages, actual damages, mental anguish damages, statutory interest penalties, treble damages, additional damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment interest, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff is entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

Respectfully submitted,

LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.
6721 McPherson Road
Texas Community Bank Bldg., Suite 350 (78041)
P.O. Box 452009
Laredo, Texas  78045
Telephone:  (956) 722-9909
Facsimile:  (956) 727-5884

BY: _____
DONATO D. RAMOS
State Bar No. 16508000
mrodriguez@ddrlex.com
DANIEL L. WALTER
State Bar No. 24059255
dwalter@ddrlex.com
Attorneys for Plaintiff